THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GENERAL HARRIS, Appellant.— Judgment convicting the appellant of robbery in the first degree, and of criminally possessing a pistol, after prior conviction, unanimously modified, on the law, to reduce the conviction on the latter count to possession of a pistol, as a misdemeanor, and as modified the judgment is affirmed. The defendant was found guilty of robbery in the first degree and criminally possessing a pistol, after prior conviction. The prior conviction, however, has been vacated. Consequently, the conviction of criminally possessing a pistol should be designated as a misdemeanor, rather than a felony. However, since the defendant was given a suspended sentence on the charge of possession of a pistol, such sentence need not now be disturbed. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.

MAXWELL SLOTE, as Trustee in Bankruptcy of ELMCLIFF CORP., Appellant, v. CAPITAL EXCHANGE CORPORATION, Respondent.— Order entered February 2, 1968, unanimously reversed, on the law, with $50 costs and disbursements to abide the event, and the case remanded for trial on the issues raised by the defenses by way of setoff. Plaintiff, as trustee in bankruptcy, sues on a promissory note for $50,000. There is no defense to the note but by way of setoff defendant pleads that it is the holder of two notes made by the bankrupt, which notes exceed in amount the note sued upon. An inspection of the record reveals that there are questions as to the date and manner of acquisition of the two notes which cast doubt on whether the notes are proper subjects of setoff. A trial is required. Concur — Stevens, J. P., Eager, Steuer, Capozzoli and McNally, JJ.

HELEN SEAMAN, Respondent, v. MILTON SEAMAN, Appellant.— Order entered January 31, 1968, in so far as appealed from, unanimously reversed, on the facts and the law, without costs and without disbursements, and motion denied. The order modified a prior judgment for support and maintenance by increasing the sum from $75 to $150 per week. The evidence of defendant's earnings as a lawyer is not controverted by any proof and is supported by the incontestable facts showing defendant's financial embarrassment. The apparent basis of decision is that defendant appears to be a reasonably competent lawyer and as such should earn more. But, as far as the record shows, he does not. Concur — Stevens, J. P., Steuer, McGivern and Rabin, JJ.